**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK JAMES WILSON,

        Plaintiff - Appellant,

  v.

CANDACE E. WHEELER, Member,
Oregon Board of Parole-Post Prison
Supervision, (Board); et al.,

        Defendants - Appellees.

No. 12-36006

D.C. No. 6:11-cv-06105-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

     Oregon state prisoner Mark James Wilson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional rights in connection with his hearing before the Oregon

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Parole and Post-Prison Supervision. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of Eleventh Amendment immunity. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Wilson's constitutional claims against defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (state officials sued for damages in their official capacities are entitled to Eleventh Amendment immunity); *see also Green v. Mansour*, 474 U.S. 64, 67-69 (1985) (distinguishing claims for prospective and retrospective relief and explaining that claims for retrospective relief are barred by the Eleventh Amendment).

To the extent that Wilson sought prospective injunctive relief with regard to his informational privacy claim, dismissal of that claim was proper because Wilson failed to state a claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also United States v. Guerrero*, 693 F.3d 990, 998 (9th Cir. 2012) (explaining that "there is no

authority for the proposition that a defendant's preference that his personal history be kept personal justifies denial of public access to criminal proceedings"); *Seaton v. Mayberg*, 610 F.3d 530, 534-35 (9th Cir. 2010) (imprisonment results in "the circumscription or loss of many significant rights," in particular a loss of privacy in prison treatment records).

**AFFIRMED.**